IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>REFLECTIONS ACADEMY, INC., MICHELE MANNING, CHAFFIN PULLAN, and CAMERON PULLAN,<br><br>Defendants. | CV 21–57–DLC<br><br><br>ORDER |

Before the Court is Aubrey Kirkindall, Allanah Terrett, Grace Coppage, Justice Walls, Morgan Little, Casey Carhart, and Aleksandra Bonenko's ("Underlying Plaintiffs") Renewed Unopposed Motion to Intervene Pursuant to Rule 24(b)(1)(B). (Doc. 23.) The Motion states that the subject of the declaratory action is the Underlying Plaintiffs' lawsuit against Reflections Academy, Inc. (*Id.* at 1–2.) The Motion states that the Underlying Plaintiffs possess a substantial interest in the outcome of this action, and the matter involves common questions of law and fact. (*Id.* at 2.) Capitol Indemnity Corporation and Reflections Academy, Inc. do not oppose the motion. (*Id.*)

1

Under Rule 24(b), this Court may permit a party to intervene if they assert "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  To be eligible for permissive intervention, a party must meet three threshold requirements, including that: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims.  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."  *Id.*  In exercising its discretion, the Court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

The commonality requirement is met here because the facts alleged in Underlying Plaintiffs' lawsuit are relevant to resolving the insurance coverage dispute alleged in this matter.  (Docs. 1, 1-1, 23-1.)  The Court further finds that the motion is timely despite the fact that summary judgment briefing is underway. Underlying Plaintiffs' initial motion to intervene was filed before all defendants had filed an answer to the complaint, and a trial is not yet set in this matter.  (*See* Doc. 10.)  Underlying Plaintiffs' intervention does not raise any jurisdictional concerns because they do not seek to assert any new claims in this action.  (Doc. 23-1.)  No party has raised a concern about undue delay or unfair prejudice

resulting from intervention. (Doc. 23 at 2.) Although independent briefing, if requested, may modestly delay resolution of the pending motions for summary judgment, the Court finds that any burden resulting from delay is outweighed by the interest in resolving this case on a complete factual record.

Accordingly, IT IS ORDERED that the Motion (Doc. 23) is GRANTED as follows:

(1) Underlying Plaintiffs are hereby granted leave to intervene as defendants in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

(2) Underlying Plaintiffs shall comply with all deadlines in any scheduling order filed in this case; and

(3) Underlying Plaintiffs shall confer with Defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Underlying Plaintiffs' interests.

DATED this 16th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court